TOBIN v. SMILEY.

MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WEIGHT OF EVIDENCE.

In action for death of plaintiff's decedent, caused by automobile collision, alleged to be due to defendant's negligence, where issues of fact as to negligence of defendant and contributory negligence of deceased were submitted to jury in instructions of which no complaint is made, and verdict in favor of plaintiff cannot be said to be against great weight of evidence, judgment thereon is affirmed, on appeal.

Appeal from Genesee; Parker (James S.), J. Submitted April 5, 1933. (Docket No. 30, Calendar No. 36,936.) Decided May 16, 1933.

Case by Robena Tobin, administratrix of the estate of Edward J. Tobin, deceased, against James Smiley for the negligent killing of plaintiff's decedent. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Bishop, Blackney & Church,* for plaintiff.

*Millard & Roberts,* for defendant.

Sharpe, J. In a collision which occurred at or near the intersection of what is known as the Davison road and what is known as the Belsay road, in the county of Genesee, between a car driven by plaintiff's decedent and one driven by the defendant, the former was instantly killed. In this action, brought to recover the damages incident thereto, plaintiff had verdict and judgment for $4,753.73, of which the defendant here seeks review by appeal.

Defendant's counsel urge:

1. That no negligence on the part of the defendant was established.

2. That the deceased was not free from contributory negligence.

3. That the verdict was against the preponderance of the evidence.

The deceased was driving east on the Davison road between eight and nine o'clock on the night of October 8, 1930, in a Chrysler car. The defendant was driving a Buick car in a northerly direction on the Belsay road. The Davison road is a paved highway. A stop sign was posted on the Belsay road. It is the claim of the plaintiff that as defendant's car approached the intersection it slowed down, but did not stop, and as it was making a left turn on the pavement it collided with the car driven

by the deceased, striking its left front wheel as it was swung to the right to avoid the collision, resulting in decedent's being thrown from the car in which he was riding and sustaining injuries causing his almost instant death.

It is the claim of the defendant that as he approached the intersection he stopped his car and then proceeded to make a left turn on the pavement; that, when he straightened up his car thereon, the car driven by decedent suddenly swerved out to pass a car in front of it and collided with his car.

A son of the deceased, then about seven years of age, who was riding in the front seat with him, stated, not under oath, that defendant's car did not stop. Several persons who quickly appeared on the scene testified that defendant stated to them that he had not stopped his car, while the defendant and Herbert E. Fulton, who was riding with him, testified positively that he did stop. The location and appearance of the two cars immediately after the collision were testified to by several witnesses then present.

Issues of fact as to the negligence of the defendant and the contributory negligence of the deceased were submitted to the jury in instructions of which no complaint is made, and, after a consideration of all the evidence, we cannot say that the verdict was against the great weight thereof.

The judgment is affirmed.

McDonald, C. J., and Clark, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.